UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN TERRANCE WILLIAMS,

        Petitioner,

v.                                    Case No. 10-10246

LLOYD RAPELJE,

        Respondent.
                                 /

**OPINION AND ORDER (1) GRANTING PETITIONER'S "MOTION TO STAY AND HOLD IN ABEYANCE"; (2) STAYING FURTHER PROCEEDINGS AND HOLDING CASE IN ABEYANCE; AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Glenn Terrance Williams is a state inmate currently incarcerated at the Saginaw Correctional Facility in Saginaw, Michigan, pursuant to convictions for two counts of armed robbery. He has filed a petition for a writ of habeas corpus challenging one of those convictions. In his habeas petition, he asks the court to stay his petition while he exhausts state court remedies with respect to the other armed robbery conviction.

## I. BACKGROUND

On January 11, 2007, Petitioner entered two pleas in Muskegon County Circuit Court. He pleaded guilty to one count of armed robbery in case #06-53640. He pleaded no contest to another count of armed robbery in case #06-53668. In exchange for Petitioner's pleas, the prosecutor dismissed a count of assault with intent to rob in case #06-53640. Additionally, the pleas were entered pursuant to a *Cobbs* evaluation that Petitioner's minimum sentence would not exceed twenty-four years. On February 9, 2007, Petitioner was sentenced to twenty-four to forty years' imprisonment.

Petitioner filed a motion to withdraw the pleas. Following a hearing and the submission of supplemental briefs, the trial court denied the motion. *People v. Williams*, Nos. 06-53640-FC & 06-53668-FC (14th Circuit Court March 18, 2008).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, arguing that there was no factual basis for the plea in case #06-53640, and that the plea in case #06-53668 was involuntary. The Michigan Court of Appeals granted the application for leave to appeal as to one issue only—whether there was a factual basis for the plea in case # 06-53640. *People v. Williams*, No. 284585 (Mich. Ct. App. June 16, 2008). Oral argument was held on August 5, 2009. A decision has not yet been issued.

In the meantime, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, arguing that the plea in case # 06-53668 was involuntary. The Michigan Supreme Court denied leave to appeal. *People v. Williams*, 482 Mich. 1035 (Mich. Oct. 27, 2008). Petitioner filed a motion for reconsideration, which was also denied. *People v. Williams*, 483 Mich. 983 (Mich. Apr. 28, 2009).

Petitioner filed the pending petition on January 20, 2010. He simultaneously filed a "Motion to Stay and Hold in Abeyance."

## II. DISCUSSION

Petitioner asks the court to hold his petition in abeyance pending a decision from the Michigan Court of Appeals on his appeal in case # 06-53640. He states that, at oral argument before the Michigan Court of Appeals, the panel indicated an intention to remand to allow withdrawal of Petitioner's plea in #06-53640 and, possibly, to allow withdrawal of his pleas in both cases, #06-53640 and #06-53668.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner argues that the pending petition should be stayed for two reasons.  First, if the Michigan Court of Appeals' permits him to withdraw both pleas, the pending petition would be rendered moot.  Second, if the Michigan Court of Appeals affirms his convictions, a stay would allow him to exhaust his claims related to case #06-53640 and then raise them by filing an amended petition in this matter.  The court finds that Petitioner has asserted good cause for requesting a stay in this matter because proceeding in this court with a matter that may be rendered moot by the Michigan Court of Appeals' decision is not a good use of judicial resources.  If Petitioner ultimately is denied relief in state court, challenging both convictions in one habeas petition, while not required, would be an economical use of judicial resources.  The court finds that the claim Petitioner is pursuing in state court is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See Rhines*, 544 U.S. at 277-78.  Therefore, the court stays further proceedings in this matter pending resolution of Petitioner's appeal related to case #06-53640.

When a district court determines that a stay is appropriate pending resolution of

3

state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Stay and Hold in Abeyance" [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that the habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. Petitioner shall file a motion to lift the stay and an amended petition in this court within **sixty days** after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2010, by electronic and/or ordinary mail.

                                                   s/Lisa G. Wagner
                                                   Case Manager and Deputy Clerk
                                                   (313) 234-5522