UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN TERRANCE WILLIAMS,

          Petitioner,

v.                                               Case Number: 2:10-CV-10246

LLOYD RAPELJE,

          Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Glenn Terrance Williams is a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, pursuant to convictions for two counts of armed robbery. The convictions arise from two separate criminal cases. Petitioner entered a guilty plea in one of those cases and a no contest plea in the other. He has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) Petitioner argues that one of the pleas was involuntary and that relief, therefore, should be granted as to both pleas because they were part of one comprehensive plea agreement. Respondent has filed an opposition (Dkt. # 9) and Petitioner has filed a reply (Dkt. # 11.). The court denies the petition.

**I. BACKGROUND**

On January 11, 2007, Petitioner entered two pleas in Muskegon County Circuit Court. He pleaded guilty to one count of armed robbery involving an Admiral tobacco shop in case #06-53640 (the "Admiral" case). He pleaded no contest to another count of armed robbery involving a Clark gas station in case #06-53668 (the "Clark" case). In

exchange for Petitioner's pleas, the prosecutor dismissed a count of assault with intent to rob in the Admiral case. Additionally, the pleas were entered pursuant to a *Cobbs* evaluation that Petitioner's minimum sentence would not exceed twenty-four years. *See People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation). On February 9, 2007, Petitioner was sentenced to twenty-four to forty years' imprisonment.

Petitioner filed a motion to withdraw the pleas. Following a hearing and the submission of supplemental briefs, the trial court denied the motion. *People v. Williams*, Nos. 06-53640-FC & 06-53668-FC (14th Circuit Court March 18, 2008).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, arguing that there was no factual basis for the plea in the Admiral case, and that the plea in the Clark case was involuntary. The Michigan Court of Appeals granted the application for leave to appeal as to one issue only – whether there was a factual basis for the plea in the Admiral case. *People v. Williams*, No. 284585 (Mich. Ct. App. June 16, 2008). The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Williams,* 288 Mich. App. 67 (Mich. Ct. App. 2010). The Michigan Supreme Court granted Petitioner's application for leave to appeal, *People v. Williams,* 489 Mich. 856 (Mich. 2011), and affirmed the Michigan Court of Appeals' decision. *People v. Williams*, 491 Mich. 164 (Mich. 2011).

While his appeal regarding the Admiral case was pending in the Michigan Court of Appeals, Petitioner filed an application for leave to appeal in the Michigan Supreme

Court, arguing that the plea in the Clark case was involuntary.  The Michigan Supreme Court denied leave to appeal.  *People v. Williams*, 482 Mich. 1035 (Mich. Oct. 27, 2008).  Petitioner filed a motion for reconsideration, which was also denied.  *People v. Williams*, 483 Mich. 983 (Mich. Apr. 28, 2009).

Petitioner filed the pending petition on January 20, 2010, while his appeal on the Admiral case was still pending before the Michigan Court of Appeals.  He simultaneously filed a Motion to Stay and Hold in Abeyance, asking the court to hold the habeas proceeding in abeyance pending the Michigan Court of Appeals' decision.  The court granted the motion.  After Petitioner concluded his direct appeals in state court, he moved to reopen this proceeding.  The court granted the motion.

Petitioner raises this claim in his petition:

> The *nolo contendere* plea in 14th Circuit Court case 06-53668-FC [the Clark case] was involuntary.  Mr. Williams stated several times at multiple hearings that he wanted a trial.  He never expressed consent to the making of said plea.  The court did not ask if it was his choice to plea.  There was no basis for the no contest plea as it was clear that Mr. Williams remembered the incident with clarity and detail.  Finally, the police reports did not identify the perpetrator of the offense. The trial court violated Mr. Williams' right to due process of law in refusing to set aside the plea.

## II.  STANDARD

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable

3

>determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable." *Id.* at 102.  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent.  *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979)) (Stevens, J., concurring)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  DISCUSSION

Petitioner's claims for habeas relief center on the validity of his no contest plea in the Clark case. He argues that the plea was involuntary because he indicated at several hearings that he wanted to proceed to trial, he did not consent to entering a plea, and he was never asked if it was his choice to enter a plea. He also argues that the plea was deficient because there was no justification for a no contest plea. Finally, he argues that an insufficient factual basis existed for the plea because the police reports did not identify the perpetrator.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States,* 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757 (quotation omitted). "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

First, Petitioner's initial stated inclination to proceed to trial does not preclude him from later intelligently, and legitimately deciding to change his plea. Nor does it, without more, indicate that his ultimate plea was involuntary. The trial court transcript shows that plea negotiations were lengthy and that ultimately the initial plea offer of a minimum of 29 years imprisonment was reduced to a minimum of 24 years imprisonment. Before accepting Petitioner's plea, the trial court advised him of the rights he was giving up by

entering a plea, advised him of the terms of the plea agreement, determined that no promises, other than those stated on the record, had been made to him, and that nobody had coerced him to enter the plea.  Petitioner represented on the record and under oath that he understood the terms of the plea agreement.  Petitioner proceeded to enter a plea of guilty to the Clark robbery, but, in allocution he would not admit to either carrying a weapon or acting in a way that would lead the store clerk think he had a weapon; after further consultation, the trial court agreed to accept Petitioner's no contest plea.  In later denying Petitioner's motion to withdraw that plea, the trial court found that, although the court did not repeat the entire plea-taking procedure after the plea was changed from guilty to no contest, the entire record clearly showed that Petitioner intended to enter a no contest plea and that the plea was knowing, understanding and accurate.  (Dkt. # 10-17, Pg. ID 999.)  This court finds no evidence in the record showing that Petitioner either failed to understand the nature and consequences of a no contest plea, or that he did not intend to enter such a plea.  The state court's finding that the plea was voluntary is not contrary to or an unreasonable application of Supreme Court precedent.

Next, Petitioner argues that the plea was deficient in that no valid factual basis was given for the no contest plea where it was clear that Petitioner remembered the incident clearly.  Petitioner admits that this claim cannot, by itself, form the basis for habeas corpus relief, but he maintains that it is further proof of the involuntary nature of the plea.  The court is not persuaded by Petitioner's argument.  During the plea colloquy, Petitioner admitted that he was high on cocaine at the time he was in the Clark station.  (Dkt. # 10-5, Pg. ID 250.)  His attorney represented that Petitioner, therefore,

did not remember clearly everything that happened. (*Id.*) In response to the trial court's challenge, Petitioner's attorney quite specifically averred that there existed a "good faith [factual] basis" for the plea. (Dkt. # 1-9, Pg. ID 77.) This court will not reevaluate the accuracy of Petitioner's own statements or those of his attorney, at the plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999). "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id.* at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). The statements by Petitioner and his attorney referring to intoxication as affecting memory are rational and consistent with commonly understood facts. Under these circumstances, the proffer of a no contest plea, rather than "guilty," does not implicate the voluntariness of Petitioner's decision.

Finally, Petitioner argues that the plea was deficient because the police reports did not identify the perpetrator. Petitioner admits that this claim also cannot independently warrant habeas relief. Instead, he argues that it is also evidence of the involuntariness of the plea. In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Court held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See id.* at 37-38. The Court explained that "[i]mplicit in the nolo contendere cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *Id.* at 36. Thus, "[a]n individual accused of

8

crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37. Even if the court assumes a sufficient factual basis for the plea was not established at the plea hearing, Petitioner's plea is not rendered involuntary. As discussed, the trial court engaged Petitioner in a lengthy plea colloquy. Petitioner showed an understanding of the charges, the plea, and the rights he waived by entering a plea. He also showed a willingness to enter the plea. The failure to establish a factual basis for the plea on the record does not alter any of these findings.

Habeas relief is denied.

## IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the court will deny a certificate of appealability.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. # 1) and a certificate of appealability are DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 4, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 4, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522